**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ZIA SHAIKH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-953-ALM-KPJ** |
| | § | |
| **ALLEN CITY COUNCIL,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are the following motions:

1. Defendants Yasser Shaikh, Junaid Shaikh, Aylene Shaikh, Nicola Shaikh, and Zubair Shaikh's (together, "Shaikh Family Defendants") Motion to Dismiss (the "Shaikh Family Defendants' Motion") (Dkt. 24);[1]

2. Defendant State Commission on Judicial Conduct's (the "Commission") Motion to Dismiss (the "Commission's Motion") (Dkt. 26);

3. Defendant State Bar of Texas' (the "State Bar") Motion to Dismiss (the "State Bar's Motion") (Dkt. 27);

4. Defendants McCathern, Shokouhi, Evans, Grinke PLLC, Scott Becker, Esq., Erin R. Clegg, Esq., and Michael P. Ricchi's, Esq. (together, "McCathern Defendants") Motion to Dismiss (the "McCathern Defendants' Motion") (Dkt. 30);

5. Plaintiff Zia Shaikh's ("Plaintiff") Motion for Partial Judgment on the Pleadings or To Strike Affirmative Defenses of Allen Police Department (the "Motion to Strike Affirmative Defenses of Allen Police Department") (Dkt. 36);

6. Plaintiff's Motion for Partial Judgment on the Pleadings or To Strike Affirmative Defenses of Allen City Council (the "Motion to Strike Affirmative Defenses of Allen City Council," and together with the Motion to Strike Affirmative Defenses of Allen Police Department, the "Motions to Strike") (Dkt. 37); and

---

[1] Plaintiff has incorrectly named Zubair Shaikh as "Zubair Hassan", who Shaikh Family Defendants assert is Plaintiff's brother. *See* Dkt 1 at 1; Dkt. 24 at 2. In reviewing Plaintiff's Complaint (Dkt. 1), Yasser Shaikh and Junaid Shaikh appear to be Plaintiff's brothers. *See id.* at 6. Aylene Shaikh appears to be Yasser Shaikh's spouse, and Nicola Shaikh appears to be Junaid Shaikh's spouse. *See id.*

7. Plaintiff's Motion for Entry of Default Final Judgment (the "Motion for Default Judgment") (Dkt. 65).

For the reasons that follow, the Court recommends the Shaikh Family Defendants' Motion (Dkt. 24), the Commission's Motion (Dkt. 26), the State Bar's Motion (Dkt. 27), and the McCathern Defendants' Motion (Dkt. 30) be **GRANTED IN PART** and **DENIED IN PART**. The Court recommends Plaintiff's claims for equitable or declaratory relief against all Defendants be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction under the *Rooker-Feldman* doctrine. The Court recommends Plaintiff's claims for monetary damages against the Commission and State Bar be **DISMISSED WITHOUT PREJUDICE** on the basis of sovereign immunity. The Court recommends Plaintiff's claims for monetary damages against Shaikh Family Defendants and McCathern Defendants be **DISMISSED WITH PREJUDICE** for failure to state a claim. The Court further recommends Plaintiff's claims for monetary damages against Allen City Council, Allen Police Department, 429th District Court Judge Jill Willis ("Judge Willis"),[2] and 366th District Court Judge Ray Wheless ("Judge Wheless") be **DISMISSED WITH PREJUDICE** *sua sponte* pursuant to U.S.C. § 1915(e)(2)(B)(ii). The Court recommends Plaintiff's Motions (Dkts. 36, 37, 65) be **DENIED AS MOOT**.

## I.    BACKGROUND

### A.  Plaintiff's Complaint

On December 2, 2021, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against the following Defendants: Allen City Council, Allen Police Department, Shaikh Family Defendants, McCathern Defendants, the State Bar, Judge Willis, Judge Wheless, and the

---

[2] Plaintiff appears to have incorrectly named Judge Willis as "Judge Wills". *See generally* Dkt. 1. Judge Willis is the presiding judge for the 429th District Court in Collin County, Texas. Therefore, the Court refers to Judge Willis by her correct name throughout this opinion.

Commission.[3] *See* Dkt. 1. In the Complaint (Dkt. 1), Plaintiff alleges Shaikh Family Defendants have been "physically, emotionally and sexually abusing their children for many years now." *Id.* at 6. Plaintiff alleges on February 15, 2019 (the "February 15, 2019 Incident"), Plaintiff drove with his mother to Defendant Junaid Shaikh's house to confront Junaid Shaikh. *See id.* During the February 15, 2019 Incident, Allen Police Department officers were called to Junaid Shaikh's house and issued Plaintiff and Plaintiff's mother a "[c]riminal trespass warning" (the "Criminal Trespass Warning") pursuant to Texas penal code Section 30.05. *See id.* at 6–7. Following the February 15, 2019 Incident, Plaintiff asserts he contacted Child Protective Services to investigate Shaikh Family Defendants and wrote letters to Yasser Shaikh and Junaid Shaikh, "to allow [Plaintiff and his mother] access to [Plaintiff's nieces] at a minimum, since Plaintiff and his mother love them so much, but Defendant Yasser [Shaikh] and Defendant Junaid [Shaikh] refused to even answer." *Id.* at 8–9.

Plaintiff contends that on July 15, 2019, he filed a *pro se* Suit Affecting Parent and Child Relations ("SAPCR") in the 429th Judicial District Court in Collin County, Texas, seeking a change of custody of Plaintiff's nieces to Plaintiff and his mother. *See id.* at 9. Plaintiff asserts he filed an application for a protective order against Shaikh Family Defendants, which allegedly was denied because the February 15, 2019 Incident "was too old to be utilized as a reason for a protective order." *Id.* at 10. Plaintiff alleges that on September 30, 2019, he mailed "a settlement agreement styled as a consent order" to Shaikh Family Defendants, to which he received no response. *Id.* Plaintiff asserts Plaintiff and his mother "filed as co-Petitioners' [a] motion for social study and visitation with the kids citing parental abuse, against both sets of parents" against Shaikh Family Defendants. *See id.* at 11. Plaintiff alleges that on November 21, 2019, he "received a

---

[3] On February 4, 2022, U.S. Magistrate Judge Christine A. Nowak recused herself from this matter, and this action was reassigned to the undersigned. *See* Dkt. 4; *see also* Docket Entry for February 4, 2022.

threatening email from Scott J. Becker[,] a recent 2018 former Judge at the 219th State District Court, Collin, Texas," and filed an ethics complaint on November 22, 2019, "upon realizing that Defendant [a]ttorney Scott J[.] Becker was a recent former [j]udge at the courthouse . . . ." *Id.* Plaintiff further alleges that on November 22, 2019, "Plaintiff received via email, Respondents['] Motion to declare petitioner Zia Shaikh a [v]exatious litigant citing Plaintiff[']s six years and running contentious divorce proceedings in New Jersey with various made-up facts that Plaintiff can prove to be '[f]raud upon [the]court.'" *Id.* Plaintiff contends on November 29, 2019, Plaintiff "filed 'Petitioner's cross motion to change venue to [D]allas county due to conflict of interest by Respondent's counsel Scott J. Becker and to dismiss Respondent's motion to Declare Petitioner a [v]exatious [l]itigant'" and a "2nd motion to [t]ransfer temporary custody and to dismiss [the] [v]exatious litigant motion by the respondents . . . ." *Id.* at 12. Plaintiff asserts on December 5, 2019, Plaintiff "appeared at the motion hearing by phone and the Plaintiff's mother appeared in person." *Id.* According to Plaintiff, Judge Willis "immediately DENIED change of venue without letting Plaintiff speak, BUT the Plaintiff placed his objection on the record and clearly stated that the PLAINTIFF DOES NOT give the court jurisdiction," and Judge Willis "quickly GRANTED the [v]exatious litigant motion against the Plaintiff AND a [p]rotective order against the Plaintiff, based upon a false testimony by Defendant Junaid [Shaikh]." *Id.* at 12–13. Plaintiff further alleges "Defendant Judge Jill Will[i]s also DENIED Plaintiff[']s and Plaintiff[']s mother[']s request for visitation etc. for lack of standing and dismissed Plaintiffs suit," and, on December 6, 2019, "Plaintiff received the various orders against the Plaintiff and a $5200 opposing counsel fee order." *Id.* at 13.

Plaintiff alleges McCathern Defendants "never responded to the good faith settlement letter," McCathern Defendants fraudulently obtained the protective orders, and committed "mail

fraud and wire fraud by sending threatening letters." *Id.* at 13–16. Plaintiff also alleges Judge Willis improperly refused to recuse herself, improperly refused to vacate the protective order, and improperly labeled Plaintiff a vexatious litigant. *See id.* at 14. Plaintiff alleges Judge Wheless also demonstrated "[t]he same collusive behavior" regarding Plaintiff's "motion for reconsideration on the protective order" and the Commission "also completely violated their constitutional duty . . . by simply refusing to investigate the genuine and brutal abusive claims for the benefit of Petitioner's four nieces." *Id.* at 14. Finally, Plaintiff alleges Allen City Council "routinely ignore their constituent's complaints of judicial misfeasance and [] malfeasance in the [f]amily [c]ourts and other courts." *Id.* at 15. Plaintiff alleges that he "cannot afford to have a [p]rotective [o]rder and or [v]exatious litigant labels against him as this essentially puts . . . Plaintiff out of business," and Shaikh Family Defendants "submitted false affidavits to [the] court and testified in court on fictions that led to a [p]rotective [o]rder." *Id.* at 13.

Plaintiff appears to assert eleven causes of action, including the following: (1) violations of 42 U.S.C. Section 1983 for "improperly using the Texas Criminal Trespass Laws . . . based upon a[n] unverified, wrongful and false complaint by Defendant Junaid [Shaikh]," *id.* at 32–33; (2) violations of the First, Fourth, Fifth, Ninth and Fourteenth Amendments under Section 1983 for "[a]cting under color of state law . . . in a manner that directly in the unreasonable abuse of process to obtain [an] unfair advantage against Plaintiff in a civil matter, involving a visitation and child custody dispute, that resulted in harm and injury to Plaintiff," *id.* at 37, and "abusing the Texas Family Code-Title V-SAPCR laws and provisions, by employing false allegations of vexatious litigant against the Plaintiff under state law to falsely obtain[] a [r]estraining [o]rder . . .," *id.* at 39; (3) conspiracy to violate Plaintiff's civil rights pursuant to Sections 1983 and 1985 for "numerous overt acts, including . . . employing false allegations of vexatious litigant under

state law to falsely obtain[] a[] [r]estraining [o]rder against the Plaintiff without actual service of summons . . . to obtain unfair advantage in a civil proceeding involving a visitation and custody of Plaintiff's nieces . . .," *id.* at 42; (4) violations of the Bill of Rights Article 1, Section 19 of the Texas State Constitution, *see id.* at 44; (5) violation of the Racketeer Influenced Corrupt Organizations Act of 1970 ("RICO") for abusing the family law process "in order to extort and extract monies from unsuspecting parties like Plaintiff . . .," *id.* at 45–46; (6) malicious prosecution for filing an application for a protective order and a motion to declare Plaintiff a vexatious litigant, providing false affidavits in court proceedings, and for falsely implicating Plaintiff for criminal trespass, *see id.* at 58–59; (7) malicious abuse of process in violation of the Fourteenth Amendment, *see id.* at 59–60; (8) violations of the Fourth Amendment and the Child Abuse Prevention and Treatment Act ("CAPTA") for using "the state court process for [Defendants] own wrongful ends," *id.* at 61; (9) federal perjury violations under 18 U.S.C. Section 1623(a) for "unlawfully" obtaining a protective order and an order declaring Plaintiff a vexatious litigant, *see id.* at 63; (10) judicial bias and unfair trial, *see id.* at 64–65; and (11) a "claim" for punitive damages against all Defendants, *see id.* at 65–66.

Plaintiff requests damages ranging from $1,000,000 to $50,000,000 for each respective cause of action, punitive damages ranging from $1,000,000 to $10,000,000 for each respective cause of action, "counsel fees",[4] costs of suit, interest, damages for pain and suffering, declaratory, injunctive and prospective relief, a restraining order against all Defendants, and other relief as the Court may determine to be appropriate. *See id.*

---

[4] Plaintiff is proceeding *pro se* and, therefore, Plaintiff may not recover attorney fees, i.e. "counsel fees". *See De Mino v. Achenbaum*, 136 F. App'x 695, 696 (5th Cir. 2005) (per curiam).

**B. Motions to Dismiss**

On April 12, 2022, the Shaikh Family Defendants filed the Shaikh Family Defendants'
Motion to Dismiss (Dkt. 24), arguing Plaintiff's claims should be dismissed for failure to state a
claim because Defendants are private individuals immune from liability under Section 1983,
Plaintiff's claims are time-barred, Article 1 Section 19 of the Texas State Constitution does not
provide a cause of action for damages, Plaintiff fails to state a claim under RICO, Plaintiff fails to
allege the elements necessary for malicious prosecution, Plaintiff fails to plead facts to satisfy the
elements for malicious abuse of process, CAPTA does not create a private cause of action, 18
U.S.C. Section 1623(a) does not provide a private cause of action, Plaintiff fails to state a cause of
action as Shaikh Family Defendants are not judicial or quasi-judicial decision makers, and
Plaintiff's claim seeking punitive damages must be dismissed as he fails to assert a claim upon
which actual damages can be requested. *See generally* Dkt. 24.

On April 14, 2022, the Commission filed the Commission's Motion (Dkt. 26), arguing
Plaintiff lacks standing because his purported injuries are not fairly traceable to the Commission's
alleged failure to investigate child abuse, Plaintiff's claims are barred by sovereign immunity,
Plaintiff fails to state a claim against the Commission, and the *Rooker-Feldman* doctrine bars this
action. *See generally id.*

On the same day, the State Bar filed the State Bar's Motion (Dkt. 27), arguing it is entitled
to sovereign immunity, the State Bar of Texas is not a "person" subject to suit under Section 1983,
Plaintiff fails to state a claim against the State Bar, and the Texas Constitution and CAPTA do not
provide a private cause of action. *See generally id.*

On April 20, 2022, McCathern Defendants filed the McCathern Defendants' Motion to
Dismiss (Dkt. 30), arguing Plaintiff's claims are barred under the *Rooker-Feldman* doctrine,

McCathern Defendants' attorney immunity bars Plaintiff's claims, Plaintiff's Section 1983 claims are barred by the applicable statute of limitations, Plaintiff fails to state a claim under Section 1983, Plaintiff fails to state a  Section 1985 claim, the Texas Constitution does not provide for a cause of action for damages, Plaintiff fails to state a RICO claim, Plaintiff fails to state a  malicious prosecution and malicious abuse of process claims, CAPTA does not provide a private cause of action, Plaintiff fails to state a claim claims for judicial bias and unfair trial fail because McCathern Defendants are not judicial decision makers, and Plaintiff's punitive damages "claim" fails as Plaintiff fails to state a cause of action for which actual damages may be granted. *See generally id.*

Plaintiff filed a response (Dkt. 32) to the Shaikh Family Defendants' Motion (Dkt. 24), a response (Dkt. 35) to the State Bar's Motion (Dkt. 27), and a response (Dkt. 48) to the McCathern Defendants' Motion (Dkt. 30).[5] In the responses (Dkts. 32, 35, 48), Plaintiff argues private individual defendants are liable if they engage in state action, Plaintiff's Section 1983 claims are not time-barred, Plaintiff states a claim under RICO, Plaintiff states a claim for malicious abuse of process, CAPTA and 18 U.S.C. Section 1623 provide a private cause of action, Plaintiff has sufficiently alleged a cause of action for judicial bias and unfair trial, and Plaintiff has sufficiently alleged a claim for punitive damages. *See generally* Dkts. 32, 35, 48. Shaikh Family Defendants filed their reply (Dkt. 34) on May 5, 2022, and McCathern Defendants filed their reply (Dkt. 51) on May 18, 2022. Plaintiff filed a sur-reply to McCathern Defendants' reply (Dkt. 55).

### C.  Motions to Strike

On April 14, 2022, Allen Police Department and Allen City Council, respectively, filed their answers. *See* Dkts. 28, 29. Allen Police Department and Allen City Council assert affirmative defenses, *inter alia*, that Plaintiff has failed to state a claim and Plaintiff's claims are barred by the

---

[5] Plaintiff has not filed a response to the Commission's Motion to Dismiss (Dkt. 26).

statute of limitations. *See* Dkt. 28 at 2, 23; Dkt. 29 at 2, 23. On May 6, 2022, Plaintiff filed the

Motions to Strike, wherein Plaintiff argues the eighteen affirmative defenses raised by both Allen

Police Department and Allen City Council are "a transparent attempt to expand the issues subject

to discovery and sow confusion about the dispute before the Court." Dkt. 36 at 2; Dkt. 37 at 2.

Allen Police Department and Allen City Council both argue their respective affirmative defenses

provide Plaintiff with fair notice of the defenses that are being advanced. *See generally* Dkts. 52,

53. Plaintiff filed replies, arguing the affirmative defenses are vague and should be stricken. *See*

Dkts. 56, 57. Allen Police Department and Allen City Council filed sur-replies, reiterating their

arguments that the affirmative defenses are sufficiently pled. *See* Dkts. 59, 60.

### D.  Motion for Default Judgment

On March 10, 2022, service of summons was issued as to Judge Willis and Judge Wheless.

*See* Dkts. 19, 20. On May 10, 2022, summons was purportedly returned executed as to both Judge

Willis and Judge Wheless. *See* Dkts. 45, 46. On June 15, 2022, Plaintiff filed a request for Clerk's

Entry of Default against Judge Willis and Judge Wheless. *See* Dkt. 61. On September 12, 2022,

Plaintiff filed the Motion for Default Judgment, asserting that Judge Willis and Judge Wheless

were properly served on March 10, 2022, and that on June 9, 2022, Plaintiff allegedly informed

Judge Willis and Judge Wheless of his intention to seek entry of default judgment. *See* Dkt. 65 at

2. To date, neither Judge Willis nor Judge Wheless has appeared in this action. Plaintiff improperly

named Judge Willis as "Judge Wills". *See* Note 2, *supra*. Furthermore, Plaintiff's letter allegedly

notifying Judge Willis and Judge Wheless that he seeks an entry of default judgment against them

references "forty one" Defendants. *See* Dkt. 65 at 2 ("No response to said letter sent to these forty

one defendants has been received by the Plaintiff."). In reviewing the summons for both Judge

Willis and Judge Wheless, it appears the complaint was served by certified mail return receipt

requested to the addresses of their respective courthouse offices, but it is unclear whether Judge Willis or Judge Wheless has in fact received the summons, as no return receipt has been received by the Court. Therefore, it is unclear whether Judge Willis and Judge Wheless have been properly served with the summons.

## II.    LEGAL STANDARD

### A.  Rule 12(b)(1) of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. FED. R. CIV. P. 12(b)(1). The party asserting jurisdiction bears the burden of proof for a Rule 12(b)(1) motion to dismiss. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)). A court must address a jurisdictional challenge before addressing a challenge on the merits under Rule 12(b)(6). *Braatz, L.L.C. v. Red Mango FC, L.L.C.*, 642 F. App'x 406, 409 (5th Cir. 2016) (per curiam) (citing *Ramming*, 281 F.3d at 161). "Addressing Rule 12(b)(1) arguments first 'prevents a court without jurisdiction from prematurely dismissing a case with prejudice.'" *Gonzalez v. Mayhill Behav. Health, LLC*, No. 4:19-cv-230, 2019 WL 2395274, at *1 (E.D. Tex. June 6, 2019) (quoting *Ramming*, 281 F.3d at 161). Thus, "[w]here a court lacks the statutory power to adjudicate a case, it must dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *Boy Scouts of Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 3:15-cv-2420, 2016 WL 495599, at *2 (N.D. Tex. Feb. 8, 2016) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

### B. Rule 12(b)(6) of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

Additionally, when the plaintiff is proceeding *in forma pauperis*, courts must dismiss the case if, at any time, it is determined the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (per curiam) ("The district court may dismiss an in forma pauperis proceeding 'before service of process or before the filing of the answer' as long as certain safeguards are met." (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990))). In reviewing a plaintiff's complaint

under Section 1915, courts apply the same standard that is applied to motions filed under Federal Rule of Civil Procedure 12(b)(6). *See Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016) (citing *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)).

## III.    ANALYSIS

Plaintiff's complaint appears to assert eleven causes of action against fifteen Defendants, including constitutional violations under 42 U.S.C. Section 1983, constitutional violations under 42 U.S.C. Section 1985, RICO, CAPTA, 18 U.S.C. Section 1623(a), Texas Constitution Article 1, Section 19, malicious prosecution, abuse of process, "judicial bias and unfair trial," and a "claim" for punitive damages. *See generally* Dkt. 1. To the extent Plaintiff is requesting equitable and declaratory relief to overturn or alter the state court orders, *Rooker-Feldman* bars such relief. Furthermore, Plaintiff fails to state a claim under the eleven causes of action against any and all Defendants.

### A.  The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction "to entertain collateral attacks on state court judgments." *Kam v. Dallas County*, 756 F. App'x 455, 455 (5th Cir. 2019) (per curiam) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine has four elements: "(1) a state court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state court judgment." *Burciaga v. Deutsche*

*Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citation omitted). The *Rooker-Feldman* doctrine prohibits federal review of "the precise claims presented to the state court," as well as "claims that are 'inextricably intertwined' with a state court decision." *Kam*, 756 F. App'x at 455–56 (quoting *Burciaga*, 871 F.3d at 384–85 ). "[T]he Fifth Circuit has held 'that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits . . . .'" *Aikins v. Pitre*, No. 3:18-cv-2341, 2018 WL 5634214, at *3 (N.D. Tex. Sept. 21, 2018), *R. & R. adopted*, 2018 WL 5621490 (N.D. Tex. Oct. 30, 2018) (quoting *Turner v. Cade,* 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam)) (cleaned up). "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citation omitted). Additionally, "*Rooker-Feldman* is a jurisdictional doctrine that the Court can raise *sua sponte*." *Bergin v. Texas*, No. 4:20-cv-17, 2022 WL 874172, at *3 (E.D. Tex. Mar. 23, 2022) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 393 F.3d 47, 460 (5th Cir. 2004)).

Relevant to the present case, federal courts have consistently applied the *Rooker-Feldman* doctrine as a bar to federal jurisdiction over claims  related to family disputes in state court, including child custody matters. *See Roland v. Texas*, No. 4:21-cv-415, 2022 WL 1192781, at *7 (E.D. Tex. Jan. 26, 2022), *R. & R. adopted*, 2022 WL 622320 (E.D. Tex. Mar. 3, 2022), *appeal dismissed*, No. 22-40163, 2022 WL 4375621 (5th Cir. June 7, 2022) (collecting cases); *Meaux v. U.S. Gov't*, 648 F. App'x 409, 410 (5th Cir. 2016) (per curiam) (holding the *Rooker-Feldman* doctrine barred the district court's review of a child custody judgment entered in state court). But, "*Rooker-Feldman* does not bar a federal lawsuit simply because it challenges the state court's legal conclusions or alleges that the parties misled the state court." *Saloom v. Tex. Dep't of Fam. and Child Protective Servs.*, 578 F. App'x 426, 429 (5th Cir. 2014) (per curiam) (citing *Truong v. Bank*

*of Am., N.A.*, 717 F.3d 377, 383–84 (5th Cir. 2013)). As such, the *Rooker–Feldman* doctrine "does not preclude federal jurisdiction over an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached'" and "generally applies only where a plaintiff seeks relief that directly attacks the validity of an existing state court judgment." *Weaver v. Tex. Cap. Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (quoting *Exxon Mobil Corp.*, 544 U.S. at 293).

To the extent Plaintiff is seeking to challenge the state court's orders—dismissing his SAPCR lawsuit, declaring him a vexatious litigant, granting attorney fees, and granting a protective order against him—the Court lacks subject matter jurisdiction to consider such claims, as they are barred by the *Rooker-Feldman* doctrine. *See Nunu v. Texas*, No. 21-20446, 2022 WL 820744, at *1 (5th Cir. Mar. 17, 2022) (per curiam) (holding challenge to vexatious litigant order and attorney fees is "precisely the type of action forbidden by the *Rooker-Feldman* doctrine"); *see also Bird v. Fletcher*, No. 9:19-cv-220, 2020 WL 2951891, at *6–7 (E.D. Tex. May 1, 2020), *R. & R. adopted*, 2020 WL 2944430 (E.D. Tex. June 2, 2020) (finding Section 1983 claim was barred under *Rooker-Feldman* as the plaintiff sought to overturn adverse court rulings in the state child custody case).

Furthermore, federal courts have consistently found claims under 42 U.S.C. Section 1985 that allege a conspiracy with the state court judges are barred by *Rooker-Feldman* to the extent they seek equitable or declaratory relief. *See Bird*, 2020 WL 2951891, at *7 (citing *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 391 (5th Cir. 2012)); *Bowling v. Dahlheimer*, No. 4:18-cv-610, 2019 WL 5395598, at *8 (E.D. Tex. Aug. 7, 2019), *R. & R. adopted*, 2019 WL 4727420 (E.D. Tex. Sept. 27, 2019) (collecting cases); *Smith v. Woods*, No. 19-14779, 2020 WL 3606271, at *9–12 (E.D. La. July 2, 2020); *Green v. Mallia*, 400 F. App'x 816, 819 (5th Cir. 2010) (per curiam).

Similarly, the Fifth Circuit has held the *Rooker-Feldman* doctrine bars declaratory and equitable relief for RICO claims when the plaintiff alleges the state court conspired with other defendants in rendering the adverse state court judgment. *See Tomasella v. Kaufman Cnty. Child Support*, No. 22-10760, 2022 WL 17752124, at *3 (5th Cir. Dec. 19, 2022) (per curiam) ("Assuming that [the plaintiff] has stated a RICO claim, we find that it is barred by the *Rooker-Feldman* doctrine because his alleged injury is the state court's child support judgment.") (citation omitted); *see also Johnson v. Bates*, No. 4:12-cv-3613, 2014 WL 710718, at *3 (N.D. Tex. Feb. 20, 2014) ("Here, [the plaintiff's] RICO claims against the [defendants] are 'inextricably intertwined' with a final state-court judgment . . . Any argument that this RICO lawsuit is 'independent from the state law judgment' is entirely unavailing, and his claim that the state court officers and opposing counsel in the state court proceeding were engaged in a criminal conspiracy to withhold from him an accounting of the foreclosure proceeds is completely frivolous."); *Etemad v. Jones*, No. 3:14-cv-668, 2014 WL 12588312, at *2 (N.D. Tex. Feb. 27, 2014), *R. & R. adopted*, 2014 WL 12588313 (N.D. Tex. June 12, 2014) ("In this case, although [the plaintiff] alleges [the defendant] . . . violated his civil rights and RICO, he is actually challenging the divorce decree's award of the residence to his ex-wife."). In the present case, Plaintiff's assertions that Judge Willis and Judge Wheless conspired with Defendants, i.e. Plaintiff's state court opponents, in entering the adverse state court orders—dismissing Plaintiff's SAPCR lawsuit, granting the protective order, deeming Plaintiff a vexatious litigant, and denying the motion for reconsideration—are an attack on the state court's judgment. Accordingly, to the extent Plaintiff is requesting equitable and declaratory relief against Defendants under Section 1985 and RICO, such claims for are barred by *Rooker-Feldman*.

Plaintiff has also alleged various claims for monetary damages that are ultimately independent of the state court judgment, as Plaintiff alleges his state court opponents violated his

rights by misleading the state court or conspiring with the state court. *See Brown v. Anderson*, No. 3:16-cv-620, 2016 WL 6903730, at *2 (N.D. Tex. Oct. 5, 2016), *R. & R. adopted*, 2016 WL 6893723 (N.D. Tex. Nov. 21, 2016) (finding RICO claims for monetary damages against state court judges and state court parties was "not automatically barred by *Rooker-Feldman*" (citing *Truong*, 717 F.3d at 383; *Guy*, 682 F.3d at 391)); *see also Thomas v. Texas*, 294 F. Supp. 3d 576, 598 (N.D. Tex. Feb. 13, 2018), *R. & R. adopted*, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) ("As for [the plaintiff's] allegations that [the defendants] produced and offered false and defamatory documents against her in state court, claims that private parties misled the state court are not barred by the *Rooker-Feldman* doctrine. . . ." (citing *Saloom*, 578 F. App'x at 429)). The Fifth Circuit has instructed courts to act with caution when applying the *Rooker-Feldman* doctrine to such claims, explaining that pre-*Exxon Mobil* case law improperly gave the "inextricably intertwined" language of *Feldman* "independent meaning", when such language had not in fact enlarged the core holding of the *Rooker-Feldman* doctrine. *See Land and Bay Gauging, L.L.C. v. Shor*, 623 F. App'x 674, 680–81 (5th Cir. 2015) (per curiam) (internal citations omitted); *Mosley v. Bowie County*, 275 F. App'x 327, 329 (5th Cir. 2008) (per curiam) ( "[The plaintiff's claims that collaterally attack] the state court judgment ordering the payment of child support are barred under the *Rooker–Feldman* doctrine . . . [but] reach[ing] [a] different result as to the [the plaintiffs'] claims that the defendants violated their constitutional rights in the effort to enforce the state child support judgment. Because such claims do not ask the district court to review, modify, or nullify a final order of a state court, they are not barred under the *Rooker–Feldman* doctrine.") (internal quotations and quotation marks omitted); *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 F. App'x 665, 673 (5th Cir. 2015) (per curiam) ("We conclude this case does not fall within the limited set of matters subject to *Rooker-Feldman* . . . [T]he source of [the plaintiff's] injuries, according to his

compliant, is not the state judgment but the allegedly unlawful conduct of his adversaries. The mere fact that [the plaintiff's] claims appear to be 'inextricably intertwined' with the state-court judgment is not enough to invoke *Rooker–Feldman's* jurisdictional bar." (citing *Truong*, 717 F.3d at 383)). Accordingly, the *Rooker-Feldman* doctrine does not divest the Court of subject matter jurisdiction over these claims.

Therefore, the Court finds the *Rooker-Feldman* doctrine bars, to the extent Plaintiff is seeking such relief, any request to overturn or alter the state court orders dismissing Plaintiff's state court action, declaring Plaintiff a vexatious litigant, granting a protective order against Plaintiff, and awarding attorney fees for Shaikh Family Defendants. As Plaintiff's claims for monetary damages stemming from alleged injuries leading up to the state court judgment are not barred under *Rooker-Feldman*, the Court next turns to whether Plaintiff has stated such claims against Defendants.

### B. Eleventh Amendment Immunity

The Supreme Court has "made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting states." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). "Eleventh Amendment immunity extends to suits brought against a state by its own citizens as well as by citizens of another state or foreign country." *Yowman v. Jefferson Cnty. Cmty. Supervision & Corrs. Dep't*, 370 F. Supp. 2d 568, 582 (E.D. Tex. 2005) (collecting cases). "Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. Of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688–89 (5th Cir. 2002) (quoting *Regents of the Univ. of Cal. V. Doe*, 519 U.S. 425, 429 (1997)). "Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a

state." *Warnock v. Pecos County*, 88 F.3d 341, 342 (5th Cir. 1996). Because Eleventh Amendment immunity "deprives the court of jurisdiction, . . . the barred claims 'can be dismissed only under Rule 12(b)(1) and not with prejudice.'" *Chalmers v. Marks*, No. Civ.A.3:03cv468, 2003 WL 21468509, at *2 (N.D. Tex. June 19, 2003) (quoting *Warnock*, 88 F.3d at 343); *see also Armstrong v. Cumberland Acad.*, 549 F. Supp. 3d 543, 549 (E.D. Tex. 2021).

Both the State Bar and the Commission assert they are entitled to Eleventh Amendment immunity. *See* Dkt. 26 at 5–7; Dkt. 27 at 6–7. The Fifth Circuit has explained that claims for damages against the State Bar of Texas and the State Commission on Judicial Conduct are barred by the Eleventh Amendment. *See Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985) (citing *Cory v. White*, 457 U.S. 85, 102 (1982)); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994); *Martin v. State Bar of Tex.*, No. 3:12-cv-5063, 2013 WL 3283729, at *2 (N.D. Tex. June 28, 2013) (citations omitted). Furthermore, as discussed above, Plaintiff's request for declaratory and injunctive relief is also barred by *Rooker-Feldman*.

Therefore, Plaintiff's claims against the State Bar and Commission must be dismissed without prejudice.

### C.  42 U.S.C. § 1983

Plaintiff alleges a number of claims under Section 1983 for violations of his First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights. For the reasons that follow, Plaintiff fails to state a claim under Section 1983 against Shaikh Family Defendants, McCathern Defendants, Allen City Police Department, Allen City Council, Judge Willis, and Judge Wheless.[6]

---

[6] As to Allen City Council, it is not clear Plaintiff has standing. Plaintiff alleges Allen City Council "routinely ignore[s] their constituent's complaints of judicial misfeasance and [] malfeasance in the Family Courts and other courts." Dkt. 1 at 15. Such a claim is not an injury concrete and particularized to Plaintiff but is rather a generalized grievance that Allen City Council's constituents are ignored by Allen City Council. *See Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 219 (5th Cir. 2001) (holding the plaintiffs' lacked standing to challenge election to Texas state court judicial elections

    *1.  Claims Related to the "Criminal Trespass Warning"*

Plaintiff alleges Allen Police Department, Allen City Council, and Shaikh Family Defendants:

> improperly us[ed] the Texas Criminal Trespass Laws under Texas Penal Code and based upon a unverified, wrongful and false compl[ai]nt by Defendant Junaid [Shaikh], deliberately and knowingly that Defendant Junaid [Shaikh] had given a false complaint on Feb[ruary] 15, 2019[.] Since Allen Police officials being told by Plaintiffs that they are family members of Junaid [Shaikh], forcefully escorted Plaintiff's [m]other from Junaid [Shaikh's] home and reported 'Criminal Trespass Warning' against Plaintiff and Plaintiff's Mother under Texas Penal Code Section 30.0, to obtain [an] unfair advantage in their subsequent motions against this Plaintiff/Petitioner.

Dkt. 1 at 33. Plaintiff further alleges his due process and equal protection rights were violated under the Fifth and Fourteenth Amendment when the Allen Police Department issued the Criminal Trespass Warning because "[a]ll defendants above mentioned through their actions violated Plaintiff's constitutional rights to life, liberty and property. Plaintiff was harmed by such policy and action by the Allen Police Department officers." *Id.* at 35. Shaikh Family Defendants argue Plaintiff has failed to state a claim related to the Criminal Trespass Warning, as they are not state actors and Plaintiff's claims are barred by the statute of limitations. *See* Dkt. 24 at 5–7.

First, if Plaintiff is seeking to assert a false arrest claim under the Fourth Amendment related to the Criminal Trespass Warning, his claim fails. The "issuance of a criminal trespass warning does not constitute an arrest." *Bhombal v. Irving Indep. Sch. Dist.*, No. 3:17-cv-2583, 2018 WL 2127760, at *3 (citing *Smith v. Machorro*, No. 3-07-cv-1547, 2008 WL 656500, at *4 (N.D. Tex. Mar. 12, 2008)). Furthermore, Plaintiff's contention that Junaid Shaikh reported Plaintiff and his mother to the Allen Police Department to "obtain [an] unfair advantage in their

---

as plaintiffs' alleged injury was a generalized grievance) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 1170 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 (1992)).

Plaintiff appears to also misunderstand the structure of Texas state courts. Judicial district courts, including family law courts, are created by Texas state law, and Texas state judges are elected. *See* TEX. CONST. art. 5, § 7. Furthermore, Plaintiff's own allegations make clear he is not a constituent of Allen City; rather, Plaintiff is a resident of New Jersey.

subsequent motions" is implausible. Plaintiff initiated the non-parent SAPCR lawsuit in July 2019 against Shaikh Family Defendants—five months *after* the Criminal Trespass Warning was issued. *See* Dkt. 1 at 9. Plaintiff's allegations require an illogical leap that Junaid Shaikh contacted the Allen Police Department to gain an advantage in proceedings Plaintiff subsequently initiated against Junaid Shaikh.

Even if Plaintiff has adequately alleged a false arrest claim, however, Plaintiff does not allege that any further criminal proceedings occurred. "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Russell v. Bd. of Trs.*, 968 F.2d 489, 493 (5th Cir. 1992) (quoting *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992)). "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983)). "Accrual of a 1983 claim is governed by federal law: 'Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (quoting *Russell*, 968 F.2d at 493). Because Section 1983 claims are most analogous to Texas personal injury claims, the applicable statute of limitations is two years, as set forth in Section 16.003 of the Texas Civil Practice and Remedies Code. *See id.* (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)); *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Plaintiff's claims related to the Criminal Trespass Warning accrued on February 15, 2019. *See Jones v. Fountain*, 121 F. Supp. 2d 571, 573 (E.D. Tex. 2000) ("Claims for false arrest accrue on the date of the arrest." (citing *Moore v. McDonald*, 30 F.3d 616, 620–21 (5th Cir. 1994))). As Plaintiff filed the instant lawsuit on December 2, 2021, more than two years after the Criminal

Trespass Warning was issued to Plaintiff, his Section 1983 claim for false arrest regarding the Criminal Trespass Warning is barred by the statute of limitations.

Second, Plaintiff fails to state a claim that the Criminal Trespass Warning violated his due process and equal protection rights. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against him because of his membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (quotation and quotation marks omitted). Plaintiff's Equal Protection Clause claim therefore fails because he does not identify any protected class of which he is a member and offers no facts to support an allegation of intentional discrimination by Defendants. *See Walker v. Shields*, No. 1:21-cv-90, 2021 WL 9541453, at *3 (E.D. Tex. Apr. 12, 2021), *R. & R. adopted*, 2022 WL 5231054 (E.D. Tex. Oct. 5, 2022); *Cato v. Watson*, 212 F. App'x 258, 260 (5th Cir. 2006) (per curiam) ("[The plaintiff] does not identify any suspect class of which he is a member, nor does he challenge the district court's determination that he must show that he was discriminated against based on a suspect classification in order to establish an equal protection violation." (citing *Williams*, 180 F.3d at 705)). Furthermore, the Eastern District of Texas has recognized, "as has the Fifth Circuit, that the Supreme Court has held that pretrial deprivations of liberty are actionable only under the Fourth Amendment and not under the substantive due process guarantees of the Fourteenth Amendment." *Rountree v. City of Beaumont*, No. 1:16-cv-26, 2017 WL 5640841, at *10 (E.D. Tex. Mar. 27, 2017) (citing *O'Hara v. Petal Police Dep't*, No. CIV.-A. 2:05CV103KS, 2006 WL 2583092, at *3 n.2 (S.D. Miss. Sept. 6, 2006), *aff'd* 260 F. App'x 632 (5th Cir. 2007)), *aff'd sub nom. Rountree v. Dyson*, 892 F.3d 681 (5th Cir. 2018). Thus, Plaintiff may only assert a Fourth Amendment claim for the Criminal Trespass Warning and, as discussed above, Plaintiff cannot assert such a claim.

Therefore, Plaintiff fails to state a Section 1983 claim against Defendants related to the Criminal Trespass Warning.

2. *Claims Related to the Order Declaring Plaintiff a Vexatious Litigant and Granting a Restraining Order Against Plaintiff*

Plaintiff alleges Allen Police Department, Allen City Council, Shaikh Family Defendants, and McCathern Defendants violated his First and Fourteenth Amendment rights because these Defendants "instituted and followed policies and procedures in a manner that directly resulted in the unreasonable abuse of process to obtain unfair advantage against Plaintiff in a civil matter." Dkt. 1 at 37. Plaintiff alleges Defendants violated Plaintiff's rights to "be free from excessive interference with family relationships[,] to be free from unlawful threats and coercion and to due process." *Id.* at 38. Additionally, Plaintiff alleges all Defendants violated his First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights to due process, equal protection, and freedom "from interference with his fundamentally secured rights as a parent . . . ." *Id.* at 39. Specifically, Plaintiff alleges Defendants violated his constitutional rights "[b]y virtue of [Defendants' policy and conduct of maliciously using or abusing the Texas Family Code- Title V- SAPCR laws and provisions, by employing false allegations of vexatious litigant against the Plaintiff under state law to falsely obtain[] a Restraining Order against the Plaintiff without actual service of summon . . . to deprive the Plaintiff's visitation and custodial rights of his nieces, and maliciously prosecute Plaintiff to obtain [an] unfair advantage in a civil proceeding . . . ." *Id.* at 39–40. Plaintiff alleges that on December 6, 2019, he "received the various orders against the Plaintiff and a $5200 opposing counsel fee order." *Id.* at 13.

Shaikh Family Defendants and McCathern Defendants argue Plaintiff fails to state a claim against them because they are private individuals not acting under color of state law. *See* Dkt. 24 at 4–6.; Dkt. 30 at 8–9. McCathern Defendants further argue Plaintiff "alleges only threadbare

recitations of a cause of action and does not identify or explain how his First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights have been violated . . . ."[7] Dkt. 30 at 9. In his responses to Shaikh Family Defendants and McCathern Defendants' Motions (Dkts. 24, 30), Plaintiff contends "[e]vidence that police failed to exercise independent judgment will support an inference of conspiracy with a private party" and the Court may find a symbiotic relationship between the private individuals and the state actors in the present case. Dkt. 31 at 12–14; Dkt. 32 at 12–14. Furthermore, Plaintiff asserts "acting under lawful or legitimate law does not convert a private individual's actions into state action." Dkt. 31 at 13; Dkt. 32 at 13.

Plaintiff fails to allege a Section 1983 claim against Defendants regarding the order declaring Plaintiff a vexatious litigant and granting a restraining order against Plaintiff.[8] Plaintiff does not identify what Fourth Amendment violation he is alleging regarding the vexatious litigant order and protective order. In reviewing the Complaint (Dkt. 1), it appears the only relevant Fourth Amendment claim may be for "malicious[] prosecut[ion]." *Id.* 40. However, the Fifth Circuit has made clear that "'there is no constitutional right to be free from abuse of process'" and "there is no constitutional right to be free from malicious prosecution." *Elliott v. Tucker*, No. 4:22-cv-00135, 2022 WL 17722672, at *9 (N.D. Tex. Nov. 29, 2022) *R. & R. adopted*, 2022 WL 17718519 (N.D. Tex. Dec. 15, 2022) (quoting *Morgan v. Chapman*, 969 F.3d 238, 246, 247 (5th Cir. 2020));

---

[7] McCathern Defendants further argue they are entitled to attorney immunity. *See* Dkt. 30 at 6–7. Attorney immunity in Texas is a "comprehensive affirmative defense protecting attorneys from liability to non-clients." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). Attorney immunity "protects an attorney where the alleged conduct was within the scope of . . . legal representation.'" *Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 505 (5th Cir. 2019) (quoting *Cantey Hanger, LLP*, 467 S.W.3d at 484). The Fifth Circuit has held that "criminal conduct does not automatically negate immunity, but in the usual case it will be outside the scope of representation." *Id.* at 507. Because the Court finds Plaintiff fails to state a claim against McCathern Defendants, it does not address whether McCathern Defendants are entitled to attorney immunity.

[8] Because the Court finds Plaintiff has not stated a claim under Section 1983, the Court does not address whether these claims are barred by the statute of limitations.

accord *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc). Thus, Plaintiff has failed to state a Fourth Amendment claim.

Additionally, the "Fifth Amendment proscribes deprivation of life, liberty, or property without due process of law by *federal actors* while the Fourteenth Amendment proscribes such action by *state actors*." *Broussard v. Lafayette City-Par. Consolidated Gov't*, 45 F. Supp. 3d 553, at 566–67 (W.D. La. 2014) (emphasis added); *see also Ristow v. Hansen*, 719 F. App'x 359, 364 (5th Cir. 2018) (per curiam) ("'The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor.' . . . Because the officers are not federal actors, [the plaintiff's] claims that they violated his Fifth Amendment due process rights cannot survive the officer's motion to dismiss." (quoting *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000))); *Stafford v. Conoco, Inc.*, No. 6:08cv124, 2009 WL 2382036, at *3 (E.D. Tex. July 30, 2009) ("Similarly, the Fifth Amendment Due Process Clause prohibits federal action."). Plaintiff does not allege any Defendant is a federal actor and, therefore, Plaintiff's claim under the Fifth Amendment must also be dismissed.

Plaintiff's Ninth Amendment claim must also be dismissed for failure to state a claim. The Ninth Amendment "does not in itself confer any specific constitutional guarantee [but r]ather the Ninth Amendment is a residual clause, intended to be used as a rule of construction in interpreting other constitutional rights." *Russell v. Dall. Indep. Sch. Dist.*, No. 3:10-cv-724, 2010 WL 5071695, at *2 (N.D. Tex. Dec. 13, 2010) (citations omitted); *Johnson v. Tex. Bd. of Crim. Just.*, 281 F. App'x 319, 320 (5th Cir. 2008) (per curiam) ("The Ninth Amendment does not confer substantive rights upon which civil rights claims may be based. [The plaintiff] has not shown that the district court erred by dismissing his Ninth Amendment claims." (citing *Froehlich v. Wisconsin Dep't of Corr.*, 196 F.3d 800, 801 (7th Cir. 1999))). As discussed above, Plaintiff's Equal Protection Clause

claim under the Fourteenth Amendment also fails, as he does not identify of what protected class he is a member and offers no facts to support an allegation of intentional discrimination by Defendants. *See Walker*, 2021 WL 9541453, at *3; *Cato*, 212 F. App'x at 259.

Finally, Plaintiff fails to state a claim under the First Amendment and due process under the Fourteenth Amendment. There is a "First Amendment constitutional right of free association in the context of 'certain intimate human relationships.'" *Jennings v. Abbott*, 538 F. Supp. 3d 682, 695 (N.D. Tex. May 11, 2021) (quoting *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617–18 (1984)). There is also a due process right to family integrity protected by the Fourteenth Amendment. *See id.* (citing *Morris v. Dearborne*, 181 F.3d 657, 667 (5th Cir. 1999)). "The 'right of the family to remain together without the coercive interference of the awesome power of the state' is strong, but the state also has a strong interest in preventing child abuse." *Hodorowski v. Ray*, 844 F.2d 1210, 1216 (5th Cir. 1988) (quoting *Duchesne v. Sugarman*, 566 F.2d 817, 825 (2d Cir. 1977)). To analyze whether a claim alleges a clearly established violation of the right to familial integrity, a court must place "[the claim], on a case by case basis, along a continuum between the state's clear interest in protecting children and a family's clear interest in privacy." *Romero v. Brown*, 937 F.3d 514, 520 (5th Cir. 2019) (quoting *Morris*, 181 F.3d at 671).

The Fifth Circuit has held that private citizens may be liable under Section 1983 only "if the private citizen was a 'willful participant in joint activity with the State or its agents.'" *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (quoting *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). Plaintiff asserts Shaikh Family Defendants and McCathern Defendants made misrepresentations that caused the protective order, which denied Plaintiff access to his nieces, to be issued. *See generally* Dkt. 1. Thus, the only conduct Plaintiff alleges that is related to this cause of action is conduct committed by private actors. Plaintiff does not plausibly allege that

Shaikh Family Defendants and McCathern Defendants were acting under the color of state law or in a "symbiotic relationship" when they allegedly made false misrepresentations before the state court. Plaintiff does not allege any "specific facts to show an agreement" between these private citizens and any state actor in making allegedly false misrepresentations. *Priester*, 354 F.3d at 421; *Gordon v. Greene*, No. 21-67, 2022 WL 956329, at *7 (M.D. La. Mar. 12, 2022), *R. & R. adopted*, 2022 WL 949868 (M.D. La. Mar. 29, 2022) (finding the plaintiff failed to allege Section 1983 claim against private citizens and state court judges regarding decision in family law case because the plaintiff's "[c]omplaint lacks specific factual allegations showing there was any agreement between [the private actor defendants] and/or [the judge], much less an agreement to commit an illegal act or to deprive Plaintiff of any constitutionally protected rights."); *see also Howard v. Dixie Dunavant Ins. Agency*, 227 F. App'x 363, 365 (5th Cir. 2007) (per curiam) ("The Supreme Court has held that 'merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.'" (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980))). Furthermore, as explained above, to the extent Plaintiff asserts that the issuance of the protective order itself constituted a violation of Plaintiff's right to family integrity, that claim is barred under the *Rooker-Feldman* doctrine. As no state actor's conduct is implicated in this claim, Plaintiff has failed to state a claim, and the Court does not move to the analysis of whether Plaintiff's right to family integrity, assuming he had one, was actually violated.

Thus, Plaintiff has failed to state a Section 1983 claim against Defendants regarding the protective order and order declaring him a vexatious litigant.

### D. 42 U.S.C. § 1985 and Racketeer Influence Corrupt Organizations Act of 1970 (RICO)

Although equitable and declaratory relief under 42 U.S.C. Section 1985 and RICO are barred by *Rooker-Feldman*, the Court turns to whether Plaintiff has stated a claim under either

cause of action for monetary damages. The Court finds Plaintiff has failed to state a claim under both 42 U.S.C. Section 1985 and RICO.

### 1. *42 U.S.C. § 1985*

Plaintiff alleges all Defendants "acted in concert to deprive Plaintiff of his clearly established federal and state constitutional rights" by making false allegations that Plaintiff was a vexatious litigant, falsely obtaining a restraining order against Plaintiff, and obtaining an unfair advantage in the state court proceeding. *See* Dkt. 1 at 42. Based on these assertions, Plaintiff appears to be asserting a claim under 42 U.S.C. Section 1985(3), which states in relevant part that "[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws," the injured party may recover damages. 42 U.S.C. § 1985(3). Section 1985(3) "criminalizes only conspiracies that involve depriving someone of 'equal protection of laws' or 'equal privileges and immunities under the laws.'" *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) (citing 42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)). Thus, "[t]his kind of conspiracy requires some form of class-based discrimination" and, the Fifth Circuit has emphasized that "racial animus is required." *Id.* (collecting cases).

In the present case, Plaintiff does not link his conspiracy allegations to any purported class or allege Defendants acted with racial animus. *See id.* at 419–20 ("Even assuming § 1985(3) covers [the plaintiff's] proffered class—convicted felons—[the plaintiff's] claims still can't survive a Rule 12(b)(6) motion . . . [The plaintiff] can't cross from 'the factually neutral [to] the factually suggestive' because he doesn't link his conspiracy allegations to his status." (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 n.5 (2007))); *see also Hollice v. Beaumont Baptist Behav.*

*Health Ctr.*, No. 1:21-cv-195, 2021 WL 4271815, at *3 (E.D. Tex. Aug. 25, 2021), *R. & R. adopted*, 2021 WL 4263059 (E.D. Tex. Sept. 17, 2021) ("[The plaintiff] has not alleged either defendant acted with any racial animus and therefore, fails to adequately allege the first element of a § 1985(3) claim."); *Smith v. Woods*, No. 19-14779, 2020 WL 3606271, at *13 (E.D. La. July 2, 2020) ("[The plaintiff] does not allege that any conspiracy was motivated by some form of class-based discrimination.").

Therefore, Plaintiff fails to state a claim under Section 1985(3) against Defendants.

*2. RICO*

RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). RICO provides a civil cause of action for "'[a]ny person injured in his business or property by reason of a violation of section 1962.'" *Beck v. Prupis*, 529 U.S. 494, 495 (2000) (quoting 18 U.S.C. § 1964(c)). "Broadly stated, a civil RICO claimant must prove (1) a violation of the substantive RICO statute . . . and (2) an injury to the plaintiff's business or property by reason of a violation of section 1962." *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 338 (5th Cir. 2021) (quotation and brackets omitted). To state a RICO claim under 18 U.S.C. Sections 1962(a)-(d), "there must be '(1) a person who engages in (2) *a pattern of racketeering activity* (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000) (quoting *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988)).

An enterprise under RICO is "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

18 U.S.C. § 1961(4). In order to establish the existence of an enterprise, the plaintiff must plead that there is "evidence of an ongoing organization, formal or informal, and . . . evidence that the various associates function as a continuing unit." *Atkinson v. Anadarko Bank & Tr. Co.,* 808 F.2d 438, 440 (5th Cir. 1987) (quotation omitted). "The enterprise must also be an entity separate and apart from the pattern of activity in which it engages." *Id.* at 441 (quotation omitted). While the entity does not have to be a formal or legal entity, "it must have some sort of hierarchical or consensual decision-making structure, and it must exist for purposes other than just to commit predicate acts." *Walker v. Beaumont Indep. Sch. Dist.*, No. 1:15-CV-379, 2016 WL 6823512, at *3 (E.D. Tex. July 13, 2016), *R. & R. adopted*, 2016 WL 4198279 (E.D. Tex. Aug. 8, 2016) (citing *In re McCann*, 268 F. App'x. 359, 366 (5th Cir. 2008); *United States v. Bledsoe*, 674 F.2d 647, 663 (8th Cir. 1982)). "A RICO plaintiff must plead the specified facts as to each defendant. It cannot . . . lump together the defendants." *Haynes v. Crenshaw*, 166 F. Supp. 3d 773, 778 (E.D. Tex. 2016) (quotation and quotation marks omitted).

Plaintiff alleges all Defendants violated RICO because they are "each engaged in activities which constitute Enterprise operations under the Racketeer Influenced Corrupt Organizations Act of 1970 (RICO), and each Defendant are 'persons' for purposes of RICO." Dkt. 1 at 45–46. Plaintiff further alleges all Defendants have subjected "litigants like Plaintiff . . . to false family law and SAPCR related allegations . . . in order for said Defendants to obtain [an] unfair advantage in civil litigation over Plaintiff, as well as to profiteer off of Plaintiff, wherein the government entities and officials obtain funding for family law programs and the private individuals profiteer by draining Plaintiff's finances and assets . . . ." *Id.* at 47.

Such allegations are insufficient to state a RICO claim. Plaintiff fails to plead that Defendants are an ongoing organization separate and apart from the alleged racketeering activities

because the alleged organization, which includes Shaikh Family Defendants, was by Plaintiff's own allegations formed to violate Plaintiff's rights in the underlying state SAPCR lawsuit.[9] *See Brown*, 2016 WL 6903730, at *3 (citing *Atkinson*, 808 F.3d at 441). Furthermore, Plaintiff's allegations simply lump all Defendants together and conclusorily allege that all Defendants are engaged in a RICO enterprise with one another. *See Spease v. Cooper*, No. 1:12-cv-371, 2014 WL 526142, at *14 (E.D. Tex. Feb. 4, 2014) ("A plaintiff must plead specific facts as to each defendant to establish the existence of an enterprise and must not merely lump the defendants together." (citing *In re MasterCard Int'l Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 476 (E.D. La. 2001))); *see also Walker*, 2016 WL 6823512, at *4. Plaintiff's repeated recitation of elements of criminal predicates unsupported by factual allegations are insufficient. Finally, Plaintiff's RICO conspiracy claim under Section 1962(d) fails, as Plaintiff has failed to state a RICO claim under Section 1962(c). *See Vanderbol v. State Farm Mut. Auto Ins. Co.*, No. 4:19-cv-119, 2020 WL 7327996, at *14 (E.D. Tex. Sept. 1, 2020), *R. & R. adopted*, 2020 WL 6866393 (E.D. Tex. Nov. 23, 2020) (internal citation omitted); *ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp. 3d 672, 697–98 (E.D. Tex. 2020) (dismissing RICO conspiracy claim under Section 1962(d) when the plaintiff failed to state a claim under Section 1962(c)) (collecting cases); *Walker*, WL 6823512, at *5 (collecting cases).

Therefore, Plaintiff has failed to state a RICO claim.

---

[9] Plaintiff at times alleges "[e]ach enterprise acts as a 'cabal' . . . (including law firms and individual lawyers, such as Defendants Attorney[s]" and the "Enterprises achieve their respective purposes by fraudulent collusion by representing their legitimacy through their illegal behavior." Dkt. 1 at 48. It is unclear if Plaintiff is discussing allegations of a singular enterprise or discussing RICO conspiracies more generally. This threadbare, generalized, and confusing pleading is emblematic of Plaintiff's failure to state a claim throughout his Complaint (Dkt. 1).

### E.  The Child Abuse Prevention and Treatment Act (CAPTA) and Federal Perjury Violations 18 U.S.C. § 1623(a)

Plaintiff asserts claims under CAPTA and 18 U.S.C. Section 1623(a) against Shaikh Family Defendants and McCathern Defendants. *See* Dkt. 1 at 61–63. Plaintiff fails to state a claim under CAPTA and 18 U.S.C. Section 1623(a) because neither provides a private cause of action. First, federal courts have found CAPTA does not "confer a substantive right on individuals or indicate the intent to create a private remedy." *Woods v. G.B. Cooley Hosp. Serv. Dist.*, No. 07-926, 2007 WL 4812054, at *3 (W.D. La. Dec. 10, 2007), *R. & R. adopted*, 2008 WL 11509443 (W.D. La. Jan. 28, 2008) (collecting cases); *see also Sheetz v. Norwood*, 608 F. App'x 401, 405 (7th Cir. 2015) ("Likewise, the federal courts of appeal that have considered the issue have uniformly rejected arguments that provisions of CAPTA create a private right.") (collecting cases); *Tony L. ex rel. Simpson v. Childers*, 71 F.3d 1182, 1189 (6th Cir. 1995) ("[W]e hold that Plaintiffs have no enforceable rights under this provision of CAPTA . . . ."). Similarly, "there is no private cause of action for perjury in federal court, nor is there a private right of action for civil perjury under Texas law." *Williams v. Williams*, No. 3:12-cv-705, 2012 WL 3704277 at *3 (N.D. Tex. July 27, 2012), *R. & R. adopted*, 2012 WL 3715159 (N.D. Tex. Aug. 28, 2012) (citation omitted); *see also Williams v. Cintas Corp.*, No. 3-07-cv-561, 2007 WL 1295802, at *2 (N.D. Tex. Apr. 10, 2007), *R. & R. adopted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007) (collecting cases) ("[F]ederal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action.").

Thus, Plaintiff fails to state a claim under CAPTA and 18 U.S.C. Section 1623(a), as these statutes do not provide for a private cause of action.

### F.  Texas Constitution Art. I, § 19

Plaintiff fails to state a claim under Article 1, Section 19 of the Texas Constitution because Section 19 does not provide a private cause of action for monetary damages. Article 1, Section 19 of the Texas Constitution provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." TEX. CONST. art. I § 19. However, "[t]here is no implied private right of action for money damages under Article 1, section 19." *Residents Against Flooding v. Reinvestment Zone Number Seventeen*, 260 F. Supp. 3d 738, 764 (S.D. Tex. 2017) (citing *Ray v. Hous. Indep. Sch. Dist.*, Civ. A. No. H-10-312, 2010 WL 2545577, at *4 (S.D. Tex. June 21, 2010)); *Reynolds v. City of Commerce*, No. 3:19-cv-1577, 2021 WL 268819, at *4 (N.D. Tex. Jan. 27, 2021) (collecting cases). In the present case, Plaintiff's sixth claim for relief under the Texas Constitution Article 1, Section 19 requests monetary damages. *See* Dkt. 1 at 43–44. As there is no private right of action for monetary damages under Section 19 of Article 1, Plaintiff fails to state a claim of relief. Even if Plaintiff were to seek equitable relief under Section 19 of Article 1, any request that would implicate the state court's judgment and orders is barred by *Rooker-Feldman* as discussed above.

Therefore, Plaintiff fails to state a claim under the Texas Constitution Article 1, Section 19.

### G.  Malicious Prosecution and Abuse of Process

As discussed above, if Plaintiff is seeking to raise a claim for malicious prosecution and abuse of process as allegations of constitutional claims under 42 U.S.C. Section 1983, the Fifth Circuit has held that there is no freestanding claim for malicious prosecution under Section 1983. *See Elliott*, 2022 WL 17722672, at *9 ("The Fifth Circuit has made clear that 'there is no constitutional right to be free from abuse of process'" and "[s]imilarly, there is no constitutional

right to be free from malicious prosecution." (quoting *Morgan*, 969 F.3d at 246–47)); *see also Castellano*, 352 F.3d at 945. Because a Section 1983 claim cannot be brought without an underlying constitutional or statutory violation,[10] the Court turns to whether Plaintiff has stated a claim for malicious prosecution and abuse of process under Texas state law.

    1.  *Malicious Prosecution*

Plaintiff fails to state a claim for malicious prosecution under Texas state law. "A plaintiff in a malicious prosecution suit must establish the following elements: 1) the commencement of a criminal prosecution against the plaintiff; 2) initiation or procurement of the action by the defendant; 3) termination of the prosecution in the plaintiff's favor; 4) the plaintiff's innocence; 5) the absence of probable cause for the proceedings; 6) malice in filing the charge; and 7) damage to the plaintiff." *Wells v. Nacogdoches County*, 197 F. Supp. 2d 709, 715 (E.D. Tex. 2002) (citing *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997); *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994), *overruled on other grounds by Castellano*, 352 F.3d 939). Furthermore, "[p]ublic policy . . . discourages bringing malicious prosecution suits and proof in such actions must be positive, clear and satisfactory." *Id.* (citing *ITT Consumer Fin. Corp. v. Tovar*, 932 S.W.2d 147, 160 (Tex. App.—El Paso 1996, writ denied)).

Plaintiff contends the Criminal Trespass Warning he received constitutes a malicious prosecution. *See* Dkt. 1 at 59. However, Plaintiff has failed to allege the commencement of a criminal action or termination of such an action in his favor has occurred in relation to the Criminal Trespass Warning. For both reasons, Plaintiff cannot state a claim for malicious prosecution. *See Chisolm v. Smith*, No. 3:13-cv-4808, 2014 WL 1243679, at *4 (N.D. Tex. Mar. 25, 2014), *appeal denied sub nom. Chisolm v. Complainant Unknown*, 597 F. App'x 807, 808 (5th Cir. 2014) (per

---

[10] As discussed above, Plaintiff fails to state a claim under Section 1983 claim for alleged violations of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments.

curiam) ("Furthermore, the record reflects that no charge . . . has been filed against [the p]laintiff in Dallas County. She has therefore failed to allege facts showing that a criminal action commenced against her or that any criminal action terminated in her favor. Her state law malicious prosecution claim should therefore also be dismissed as frivolous."). Thus, Plaintiff has failed to state a malicious prosecution claim regarding the Criminal Trespass Warning.

Additionally, Plaintiff asserts the protective order and order deeming Plaintiff a vexatious litigant, requested by Shaikh Family Defendants after Plaintiff commenced the SAPCR lawsuit, supports a malicious prosecution claim. *See* Dkt. 1 at 58. However, Plaintiff fails to allege, and cannot allege, the requisite elements of such a claim. The protective order and order deeming Plaintiff a vexatious litigant were not part of a criminal prosecution; nor was the SAPCR proceeding terminated in Plaintiff's favor. *See Luna v. Johnson*, No. B:13-63, 2014 WL 12616092, at *7 (S.D. Tex. Aug. 19, 2014), *R. & R. adopted*, 2014 WL 12616093 (S.D. Tex. Sept. 17, 2014) ("There was no criminal prosecution in this case—[the plaintiff] was assessed an administrative suspension. Accordingly, [the defendants'] conduct does not fall within this exception."); *see also Wells*, 197 F. Supp. 2d at 715.

Therefore, Plaintiff has failed to state a claim for malicious prosecution.

*2. Abuse of Process*

Plaintiff fails to state a claim for abuse of process under Texas state law. To establish a claim for abuse of process under Texas state law, the plaintiff must show "'(1) the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) damage to the plaintiff as a result of such illegal act.'" *Hammervold v. Blank*, 3 F.4th 803, 812 (5th Cir. 2021) (quoting *Cooper v. Trent*, 551 S.W.3d 325,

34

333–34 (Tex. App.—Houston [14th Dist.] 2018, pet. denied)). "Such a claim requires that the process be used 'to accomplish an end which is beyond the purview of the process, and which compels a party to do a collateral thing which he would not be compelled to do.'" *Andrade v. Chojnacki*, 65 F. Supp. 2d 431, 469 (W.D. Tex. 1999) (quoting *Detenbeck v. Koester*, 886 S.W.2d 477, 480 (Tex. App.—Houston [1st Dist.] 1994, no writ)). Furthermore, "to recover for abuse of process in Texas, a claimant must demonstrate that he suffered special damages, i.e. some physical interference with the claimant's person or property in the form of an arrest, attachment, injunction or sequestration." *Carbajal v. Wells Fargo Bank, N.A.*, No. EP-19-cv-83, 2020 WL 13413199, at *7 (W.D. Tex. May 5, 2020) (quotation and brackets omitted). Therefore, the "mere issuance of the process itself is not enough to establish a claim for abuse of process." *Id.* (citing *RRR Farms, Ltd. v. Am. Horse Protec. Ass'n, Inc.*, 957 S.W.2d 121, 134 (Tex. App.—Hous. 1997)).

Plaintiff asserts Shaikh Family Defendants and McCathern Defendants unlawfully obtained a protective order and an order of vexatious litigant against Plaintiff by submitting false affidavits. *See* Dkt. 1 at 60. However, Plaintiff's allegations are bare assertions not sufficient to adequately state a claim for abuse of process. *See Laymance v. Taylor*, 2019 WL 7405060, at *5 (E.D. Tex. Dec. 2, 2019); *R. & R. adopted*, 2020 WL 33017 (E.D. Tex. Jan. 2, 2020) ("The bare assertion that [the defendant's] actions were wrongful, that the information she provided was false, or that she conspired with [the other defendants] to deprive Plaintiffs of their rights to their child do not adequately state a claim for which relief may be granted." (citing *Iqbal*, 556 U.S. at 678)). Even if Plaintiff's threadbare assertions were sufficient, Plaintiff's allegations regarding false affidavits go to an improper "procurement of process," rather than the requisite allegations of "*post*-issuance abuse of process" that underpin an abuse of process claim. *See Kjellvander v. Citicorp*, 156 F.R.D. 138, 142 (S.D. Tex. 1994) (citing *Snyder v. Byrne*, 770 S.W.2d 65, 69

35

(Tex.App.—Corpus Christi 1989, no writ); *Martin v. Trevino*, 578 S.W.2d 763, 769 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.)). Plaintiff does not allege how the protective order and order deeming Plaintiff a vexatious litigant were abused post-issuance, or how such orders were used "to accomplish an end which is beyond the purview of the process." *Andrade*, 65 F. Supp. 2d at 469 (quotation omitted). Plaintiff himself initiated the litigation against Shaikh Family Defendants, and in the course of this litigation, Shaikh Family Defendants through their attorneys, McCathern Defendants, sought the protective order and order deeming Plaintiff a vexatious litigant. *See* Dkt. 1 at 11–13. Plaintiff has not alleged, nor could he allege, such orders are beyond the purview of the state court process.

Therefore, the Court finds Plaintiff fails to state a Texas state law abuse of process claim.

### H. Judicial Bias and Unfair Trial

Plaintiff alleges a claim for "Judicial Bias and Unfair Trial- US Constitutional and Judicial Cannon Violations" against Judge Willis, Judge Wheless, the Commission, McCathern Defendants, and Shaikh Family Defendants. *See* Dkt. 1 at 64. Plaintiff does not point to any constitutional, statutory, or common law claim to support such a freestanding claim in his complaint or in his response to the Motions to Dismiss. *See generally* Dkt. 1, Dkt. 32 at 33–34; Dkt. 48 at 41–44. Plaintiff's response appears to suggest his "Judicial Bias and Unfair Trial" claim are in fact part of his malicious prosecution claim as follows:

> **Plaintiffs have sufficient cause of action for Judicial Bias, Unfair Trials and Punitive Damages:**
>
> Plaintiff states that the following Pages and Paragraphs in the Plaintiff's complaint along with its Exhibits demonstrates a sufficient cause for the claim for Relief of Malicious Prosecution . . . .

Dkt. 48 at 41. Under a separate heading in the Complaint (Dkt. 1) titled "**Judicial Bias-A US Constitutional Violation for Equal and Fair Justice**", Plaintiff cites to *In re Murchison*, 349

U.S. 133, 136 (1955). *See* Dkt. 1 at 29. But *In re Murchison* addressed the unconstitutionality of a "one-man grand jury" and did not discuss a civil action for such a violation. *See generally In re Murchison*, 349 U.S. 133 (1955).

Furthermore, claims of judicial bias appear relevant only in the context of habeas corpus and motions for recusal. *See Buntion v. Quarterman*, 524 F.3d 664, 672 (5th Cir. 2008); *Bigby v. Dretke*, 402 F.3d 551, 558 (5th Cir. 2005); *Hastey v. Bush*, 100 F. App'x 319, 320 (5th Cir. 2004) (per curiam) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *Castillo v. McCain*, No. 15-2376, 2017 WL 1232444, at *9 (E.D. La. Feb. 9, 2017), *R. & R. adopted*, 2017 WL 1211610 (E.D. La. Apr. 3, 2017); *Haskett v. Orange Energy Corp.*, 161 F. Supp. 3d 471, 474 (S.D. Tex. 2015); *Gonzalez v. Wells Fargo Bank, N.A.*, No. 7:13-cv-404, 2013 WL 12146471, at *3 (S.D. Tex. Sept. 16, 2013); *Montez v. Hampton*, No. H-11-1891, 2013 WL 2147469, at *9 n.5 (S.D. Tex. May 15, 2013).

As there does not appear to be a freestanding judicial bias and unfair trial claim, the Court finds Plaintiff has failed to state such a claim.[11]

## I.    Judicial Immunity

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). When assessing  entitlement to judicial immunity, the Fifth Circuit has held that "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Judicial immunity "can be overcome in two sets of circumstances: (1) 'a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's

---

[11] As discussed above, the Court found Plaintiff failed to state a claim under Section 1983 for violations of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments against all Defendants. Thus, to the extent "judicial bias and unfair trial" is a due process claim, it is addressed above.

judicial capacity'; and (2) 'a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Ballard* , 413 F.3d 510, 516 (quoting *Mireles*, 502 U.S. at 11–12). A judge's actions are judicial in nature if they are "normally performed by a judge" and the parties affected "dealt with the judge in his judicial capacity." *Mireles* 502 U.S. at  11 .

Plaintiff fails to state a claim against Judge Willis and Judge Wheless because both are entitled to judicial immunity, as their actions were clearly taken in their judicial capacity. Plaintiff's allegations are that Judge Willis and Judge Wheless entered adverse state court orders against Plaintiff in a conspiracy with Defendants. These allegations are not sufficient to overcome judicial immunity. "Judges are immune from damages claims arising out of acts performed in the exercise of their judicial functions, even when the judge is accused of acting maliciously." *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (citing *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir.1972); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)); *see also Avdeef*, 616 F. App'x at 674 ("[J]udges are entitled to absolute immunity for all actions taken in their judicial capacity, *even when allegedly rooted in malice and corruption* . . . ." (citing *Ballard*, 413 F.3d at 515)). Judge Willis's ordering Plaintiff be deemed a vexatious litigant and granting the protective order against Plaintiff are clearly judicial actions. Similarly, Judge Wheless's decision to deny the motion for reconsideration is a judicial action. *See Brown* 2016 WL 6903730, at *3 ("Plaintiff's lawsuit against the justices . . . cannot succeed and it must be dismissed on the basis of absolute immunity.") (citation omitted); *see also Gallagher v. Paxton*, No. 4:18-CV-575, 2019 WL 5390173 at *9 (E.D. Tex. May 15, 2019), *R. & R. adopted*, 2019 WL 4267438 (E.D. Tex. Sept. 10, 2019) (finding Judge Wheless was entitled to judicial immunity as to plaintiff's "vague allegations of conspiracy are insufficient to support a claim for relief." (citing *Priester*, 354 F.3d at 423)). Furthermore, Plaintiff does not allege, nor can he plausibly allege, the state court did not

have jurisdiction over his SAPCR lawsuit. *See Bailey v. Willis*, No. 4:17-cv-00276, 2018 WL 3321461, at \*10 (E.D. Tex. Jan. 11, 2018), *R. & R. adopted*, 2018 WL 2126476 (E.D. Tex. May 8, 2018).

Therefore, Plaintiff claims against Judge Willis and Judge Wheless must be dismissed.

### J.  Punitive Damages

Under Texas law, "an award of punitive damages is not a separate cause of action." *Sulzer Carbomedics, Inc. v. Or. Cardio–Devices, Inc.*, 257 F.3d 449, 461 (5th Cir. 2001) (citing *Lanier v. Salas*, 777 F.2d 321, 325 (5th Cir. 1985)). "The same is true for demands for punitive damages sounding in federal law." *Schulman v. Schulman*, No. 3:12–cv–4835, 2013 WL 875222, at \*3 (N.D. Tex. Feb. 11, 2013), *R. & R. adopted*, 2013 WL 875243 (N.D. Tex. Mar. 11, 2013) (citing *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 604 (5th Cir. 1988)).

Plaintiff asserts a "claim" for punitive damages because the "acts and omissions of all Defendants in this case were so gross and culpable in nature that they constitute reckless indifference and wanton disregard for the law and for the lives and safety of others through malicious prosecution, without probable cause including Plaintiff." Dkt. 1 at 66. Shaikh Family Defendants and McCathern Defendants argue Plaintiff's claim for punitive damages must be dismissed because Plaintiff has failed to state a claim. *See* Dkt. 24 at 16–17; Dkt. 30 at 18–19.

There is no independent claim for punitive damages under either Texas or federal law. Accordingly, as Plaintiff has failed to state a claim for relief under any cause of action, Plaintiff is not entitled to an award of punitive damages. *See Bowling v. Penfold*, No. 4:18-cv-610, 2019 WL 4463457, at \*5 (E.D. Tex. Aug. 7, 2019), *R. & R. adopted*, 2019 WL 4454370 (E.D. Tex. Sept. 17, 2019) (collecting cases); *Seibert v. Cannaday*, No. 3:03-cv-672, 2005 WL 646048, at \*11 (N.D. Tex. Mar. 18, 2005) ("As the Court has determined that [the defendant] is not in violation

of the law, Plaintiff may not recover punitive damages against [the defendant].”); *Bowling v. Willis*, No. 4:18-cv-610, 2019 WL 2517090, at *11 (E.D. Tex. Apr. 2, 2019), *R. & R. adopted sub nom. Bowling v. Dahlheimer*, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019) (citing *Seibert v. Cannaday*, No. 3:03-cv-0672, 2005 WL 646048, at *11 (N.D. Tex. Mar. 18, 2005); *Cunningham v. Panola County*, No. 6:10cv362, 2010 WL 4906366, at *3 (E.D. Tex. Oct. 28, 2010), *R. & R. adopted*, 2010 WL 4906348 (E.D. Tex. Nov. 24, 2010)).

Thus, Plaintiff’s “claim” for punitive damages should be dismissed.

### K. Leave to Amend

On a motion to dismiss for failure to state a claim, a “plaintiff’s failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing.” *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally be offered an opportunity to amend his or her complaint before it is dismissed. *Brewster*, 587 F.3d at 767–68 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). “Granting leave to amend is not required, however, if the plaintiff has already pleaded his ‘best case.’” *Id.* at 768. The Court can deny leave to amend where such an amendment would be futile. *See, e.g.*, *Isom v. U.S. Dep’t of Homeland Sec.*, No. 4:20-cv-948, 2021 WL 2232052, *3 (E.D. Tex. Apr. 28, 2021), *R. & R. adopted*, 2021 WL 2224345 (E.D. Tex. June 2, 2021).

In the present case, the Court finds Plaintiff has pleaded his best case for all eleven causes of action, and amendment would be futile. Plaintiff’s Complaint (Dkt. 1) is in total seventy pages and alleges a number of civil rights claims.[12] By proceeding *pro se*, Plaintiff is not exempted from

---

[12] Under Eastern District of Texas Local Rule CV-3(d), “[a]bsent leave of court, complaints and the initial responsive pleadings thereto file in civil rights proceedings shall not exceed thirty pages . . . .” LOCAL RULE CV-3(d). Plaintiff did not seek leave from the Court and his complaint therefore does not comply with Local Rule CV-3(d).

the Eastern District of Texas Local Rules. *See Propes v. Quarterman*, 573 F.3d 225, 232 (5th Cir. 2009) ("[W]e cannot ignore the principle that *pro se* litigants must conform to the same rules that are no doubt more easily understood by lawyers."). Although Plaintiff's allegations went far beyond what is allowed under Local Rule CV-3(d), Plaintiff has not stated a viable cause of action, largely recites statutory language, asserts claims barred by statute of limitations, and cites to statutes that do not provide a private cause of action. Furthermore, Plaintiff has brought suit against several Defendants that are entitled to various forms of immunity. Thus, the Court finds giving Plaintiff leave to amend would be futile. Furthermore, nothing in Plaintiff's responses indicates he has a viable cause of action.

## IV.    RECOMMENDATION

For the foregoing reasons, the Court recommends the Shaikh Family Defendants' Motion (Dkt. 24), the Commission's Motion (Dkt. 26), the State Bar's Motion (Dkt. 27), and the McCathern Defendants' Motion (Dkt. 30) be **GRANTED IN PART** and **DENIED IN PART**. The Court recommends Plaintiff's claims for equitable or declaratory relief against all Defendants be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction under the *Rooker-Feldman* doctrine. The Court recommends Plaintiff's claims for monetary damages against the Commission and State Bar be **DISMISSED WITHOUT PREJUDICE** on the basis of sovereign immunity. The Court recommends Plaintiff's claims for monetary damages against Shaikh Family Defendants and McCathern Defendants be **DISMISSED WITH PREJUDICE** for failure to state a claim. The Court further recommends Plaintiff's claims for monetary damages against Allen City Council, Allen Police Department, Judge Willis, and Judge Wheless be **DISMISSED WITH PREJUDICE** *sua sponte* pursuant to U.S.C. § 1915(e)(2)(B)(ii). Finally, the Court recommends Plaintiff's Motions (Dkts. 36, 37, 65) be **DENIED AS MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 8th day of February, 2023.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE